LEO FOX, ESQ.
STEPHANIE PARK, ESQ.
630 THIRD AVENUE, 18TH FLOOR
NEW YORK, NEW YORK 10017
TEL: (212) 867-9595
FAX: (212) 949-1857
*Attorneys for Debtor and
Debtor-in-Possession*

Hearing Date: April 7, 2011 at 4:00 p.m.
Return Date: March 31, 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

        84 GEORGE LLC

                           Debtor.

Chapter 11
Case No.: 10-44253 (ESS)

-----------------------------------------------------------------X

## OPPOSITION TO MOTION OF U.S. BANK, N.A., AS TRUSTEE TO DISMISS THE CHAPTER 11 CASE

The above-captioned Debtor and Debtor-In-Possession (the "Debtor"), in opposition to the motion of U.S. Bank, N.A., as Trustee (the "Mortgagee") to dismiss the Chapter 11 case dated February 24, 2011 (the "Motion"), respectfully represents:

### OVERVIEW

1.     The Debtor has moved this case along, operated its business, and filed a Plan of Reorganization. The Debtor pays all cash collateral to the Mortgagee (the Debtor has already paid nearly $121,000 to the Mortgagee) and the Debtor's principals pay the expenses of the Real Property[1] out of their pocket. The Debtor filed a Plan which is patently confirmable and has sought confirmation as quickly as possible. There has been no diminution of the estate. The Mortgagee's claim of delay ignores the extensive objections the Mortgagee has filed to nearly every one of the Debtor's motions.

---

[1] As defined below.

H:\@Clients\84 George LLC\Opposition Mot Dismiss Case 3-9-11.doc

1

2.      The Mortgagee's consistent objections and unrealistic demands have delayed the case and this spurious Motion only delays the case further. The Mortgagee's basis for its Motion is pure conjecture. The Mortgagee has been benefitted throughout this case by receiving its mortgage payment every single month on a consistent basis. The Mortgagee has made it a de facto conclusion that the fairly short duration of the case is an intentional, malicious undertaking by the Debtor without any evidence of this intent. The Debtor has used the protections afforded by Chapter 11, whose protections grant a "breathing space" to not just this Debtor, but to all debtors who file for Chapter 11 relief, and has only tried to navigate its way toward a confirmable plan. This Debtor has compromised on <u>every</u> issue with the Mortgagee, even on highly unreasonable issues, while the Mortgagee has compromised on <u>none</u>.

## **BACKGROUND**

Cash Collateral

3.      Within two days of filing for Chapter 11 relief on May 10, 2010, the Debtor filed a motion for use of cash collateral providing for the normal and customary provisions for the use of cash collateral [Dkt. No. 7]. Nearly two weeks later, the Mortgagee objected to the Debtor's motion for cash collateral (the "<u>First Objection</u>") [Dkt. No. 16], objecting to the use of cash collateral to pay standard operating expenses needed to run the Debtor's real property located at 84 George Street, Brooklyn, New York 11206 (the "<u>Real Property</u>") (the Office of the United States Trustee also filed an objection, which the Debtor was able to consensually resolve with the United States Trustee). The Debtor was forced to file a reply to the Mortgagee's First Objection, which it filed only two days after the Mortgagee's First Objection [Dkt. No. 21]. Eventually,

H:\@Clients\84 George LLC\Opposition Mot Dismiss Case 3-9-11.doc

2

the Debtor and the Mortgagee signed a stipulation (the "Stipulation") allowing the limited use of cash collateral for a short period of time up to August 12, 2010 [Dkt. No. 27].

4. When the Stipulation expired, the Debtor was forced to file another motion (the "Second Cash Collateral Motion") for the use of cash collateral because the Mortgagee refused to extend the terms of the Stipulation [Dkt. No. 32]. Even though the Mortgagee had previously agreed to cash collateral use, more than a week after the Debtor's Second Cash Collateral Motion, again the Mortgagee objected to the Debtor's use of cash collateral (the "Second Objection") [Dkt. No. 36]. The Debtor had to file another reply [Dkt. No. 37], which it filed two days after the Mortgagee's Second Objection. The Mortgagee refused to permit the cash collateral to be used to pay any operating expenses of the Debtor. The Debtor's principals then agreed to pay these amounts from their personal funds.

5. In all, the Mortgagee objected to every single cash collateral motion, forcing the Debtor to spend time responding to the Mortgagee. The Debtor responded promptly to all of the Mortgagee's objections; no reasonable person could conclude that a reply in two days is an undertaking to delay the administration of the case. Yet, despite no less than seven hearings and the Debtor's offers to compromise, subsequent discussions proved unfruitful as the Mortgagee was absolutely unwilling to allow use of cash collateral. Thus, since August 2010, the Debtor's principals have been forced to pay for operations of the Real Property out of pocket. This is hardly the case of a Debtor looking to delay a reorganization to the detriment of the Mortgagee.

The Plan and Disclosure Statement

6. The Debtor filed its Plan and Disclosure Statement on October 18, 2010 [Dkt. Nos. 44 and 45]. Contrary to the Mortgagee's statement in paragraph 21 of its Motion, the

Debtor did in fact receive all ballots for that Plan. After objections from the United States Trustee and several rounds of revisions, the Debtor filed an Amended Plan and Amended Disclosure Statement on December 9, 2010 [Dkt. Nos 55 and 56]. The Mortgagee objected to the Debtor's Amended Plan more than a month after it was filed (the "Plan Objection") [Dkt. No. 66].

7. To address the Mortgagee's Plan Objection and in order to pre-empt further delays and move swiftly toward confirmation, the Debtor formulated a Plan wherein the Mortgagee's claim would be paid in full, with a reservation of rights. The Debtor filed such Second Amended Plan and Disclosure Statement on February 11, 2011 [Dkt. Nos. 68 and 69].

8. The Debtor also filed a Proposed Order and Notice Approving the Second Amended Disclosure Statement (the "Proposed Order"). The Mortgagee, yet again, filed an objection, objecting to such Proposed Order. On the same day the Mortgagee objected to the Proposed Order, the Debtor, in the spirit of compromise and efficient administration of the case, withdrew its Proposed Order [Dkt. No. 74]. The Debtor then, receiving input from the Mortgagee, filed another proposed order approving the disclosure statement, which Order was signed by the court on March 9, 2011. The voting deadline on the Second Amended Plan is April 29, 2011.

Other Motions

9. The Debtor also filed a motion to estimate the Mortgagee's claim [Dkt. No. 63] for the purpose of efficiently moving toward confirmation and as an "expedient method" to setting the amount of the Mortgagee's Claim. Mot. ¶ 24. The Mortgagee, again, objected to

such motion [Dkt. No. 65] and also filed its own motion to allow its claim (the "<u>Motion to Allow</u>") [Dkt. No. 64].

10. In the spirit of compromise and because the Debtor's Second Amended Plan is confirmable even if the Mortgagee's claim were to be allowed in full, the Debtor filed a letter of no objection to the Mortgagee's Motion to Allow its claim for Plan voting purposes only.

11. On February 24, 2011, the Mortgagee filed its current Motion to dismiss the case.

## **<u>OBJECTION</u>**

12. The Debtor's actions throughout the course of the case show an active Debtor who has filed operating reports, paid its U.S. Trustee fees, attended status conferences, and otherwise complied with the dictates of the Bankruptcy Code. The Mortgagee presents in its Motion baseless arguments which have been raised and previously addressed (such as the issue that rental income is not property of the estate, which has been extensively argued already), thus their current assertion only further delays the case.

13. The Debtor has made the following compromises in this case:

   a. agreed for the principals to pay the operating expenses of this Debtor from non-Debtor property;

   b. agreed to pay the Mortgagee's monthly mortgage payment;

   c. withdraw its motion to estimate the Mortgagee's claim;

   d. consent to the Mortgagee's revisions to the proposed order approving the Second Amended Disclosure Statement; and

   e. pay the Mortgagee's claim (disputed) in full in its Second Amended Plan, subject to a reservation.

14. The Mortgagee's basis for lack of the Debtor's prospect of reorganization is that the Debtor's principals have not shown the capability to infuse new value to confirm a plan. The

H:\@Clients\84 George LLC\Opposition Mot Dismiss Case 3-9-11.doc

5

Mortgagee asserts that the Debtor's principals should place such new value in escrow before confirmation. Yet, the Mortgagee does not claim that it will agree to the Plan if such escrow were to be made. The Debtor's principals have "infused" nearly $121,000 to this Debtor during this Chapter 11 case. The Bankruptcy Code does not require the Debtor, at this stage, before confirmation, to escrow any funds before a hearing on the confirmation of the plan is held. These are issues for confirmation and granting the Mortgagee's Motion based on their assertion would be premature and deny the Debtor's due process rights to asserting the feasibility of its plan at a hearing on confirmation.

15. The Debtor has demonstrated a willingness to proceed with confirmation swiftly. Not only did the Debtor (in extreme fashion) concede the issue of cash collateral, realizing the Mortgagee would not budge from its obstinate position, but it also has allowed the full amount of the Mortgagee's claim for voting purposes. The Debtor has been extremely reasonable in its treatment of the Mortgagee's claim; it is really the Mortgagee's consistent objections and unrealistic demands that have delayed the case. The Mortgagee's argument that the Debtor is using the case to "thwart" the Mortgagee is simply not true. An intentional unwillingness to proceed to confirmation or allegedly allowing the case to "languish" is simply an opinion and not supported by the Debtor's true actions, as outlined above.

## THE LAW

16. The Mortgagee cannot establish that "cause" exists to dismiss the case under § 1112 of the Bankruptcy Code. The Mortgagee's unsubstantiated assertion that the Debtor is intentionally delaying the confirmation of the case is not adequate "cause" and is only speculation, unsupported by facts. Section 1112(b) of the Bankruptcy Code requires the

Mortgagee to establish "cause" exists by preponderance of the evidence showing that 1) the Mortgagee's collateral is diminishing in value and 2) that there is no reasonable likelihood of reorganization. *In re The 1031 Tax Group, LLC,* 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007). The Mortgagee must satisfy both parts of the test by a preponderance of the evidence before the Court can determine that there is "cause" to convert under this section. *In re Photo Promotion Ass'n, Inc.,* 47 B.R. 454, 458 (Bankr. S.D.N.Y. 1985).

17. In addition, the determination of whether "cause" exists is made on a case-by-case basis. *See In re Young,* 76 B.R. 376, 378 (Bankr. D. Del. 1987) (citations omitted). The determination of whether "cause" exists is left to the Court's discretion and is a flexible standard. *See In re Products Int'l Co.,* 395 B.R. 101, 107 (Bankr. D. Ariz. 2008) (stating that "[c]ause is a flexible standard, subject to the Court's discretion and does not necessarily involve one or all of the factors set forth in section 1112(b)(4)."). "However, even if there is a finding of cause - a court is not obligated to convert the case - the decision remains within the court's discretion." *The 1031 Tax Group,* 374 B.R. at 93

18. The Mortgagee's dubious arguments that "cause" exists centers around circumstances that are not favorable to the Mortgagee, but certainly do not rise to the level of "cause". For example, the Mortgagee suggests that dismissal is appropriate because there was a foreclosure judgment on the Debtor's real property in state court. This is not "cause" for dismissal because the state court judgment is not binding on the Bankruptcy Court which can make its own rulings on issues such as the allowance of default interest, late fees and pre-payment consideration under § 502 of the Bankruptcy Code, and subordination under § 510 of the Bankruptcy Code. See *In re Comstock Financial Services, Inc.,* 111 B.R. 849 (Bankr. C.D.

Cal 1990). The test for dismissal is not whether the Mortgagee is at a disadvantage; the test requires factual <u>proof</u> of diminution of value and no prospect of reorganization. The Mortgagee has not offered proof of either.

*<u>The Mortgagee's Collateral Position has not Changed in any Substantial Way and There Has been no Diminution of the Estate</u>*

19. The Mortgagee does not cite to <u>any</u> facts indicating that the collateral has diminished in value or that there is any continuing loss, as is required to show under the Bankruptcy Code. 11 U.S.C. § 1112(b)(4)(A). To the contrary, the Mortgagee has received more than it bargained for as the Debtor's principals are paying the operating expenses of the Real Property. The Mortgagee has not met its burden of proof.

20. The Debtor has paid more than just its obligations to the Mortgagee on an on going basis. To date, the Debtor has paid the Mortgagee approximately $121,000. The Debtor has complied with the Mortgagee's own demands for preserving collateral in this case. This collateral position had been maintained throughout the Chapter 11 case.

*<u>The Plan is Confirmable and the Mortgagee Cannot Establish There is no Reasonable Likelihood of Rehabilitation</u>*

21. The Mortgagee cannot show there has been diminution of the Debtor's estate and it also cannot show there is no reasonable likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A). To show there is no reasonable likelihood of rehabilitation, the Mortgagee simply states that the Debtor "is content to sit in this Court avoiding a hearing on confirmation". Motion ¶ 25. Again, the Mortgagee cites absolutely no facts to support its assertion.

22. Where a debtor is making monthly adequate protection payments and has been otherwise operating a business, speculation by a creditor concerning the validity of the debtor's

plan is more properly considered at confirmation hearings. *In Re Austin Ocla, Ltd.*, 150 B.R. 279 (Bankr. M.D. Fla. 1993). The Debtor's principals have been paying for the operation of the Real Property out of pocket as the Mortgagee repeatedly refused to allow use of cash collateral. The Mortgagee contends that the Debtor must show the ability to fund a plan. To require the Debtor to show at this point there are necessary funds for confirmation is not required by the Bankruptcy Code and again, is an issue for confirmation.

23. The Mortgagee argues that there is no prospect of reorganization and claims the Real Property is underwater. Yet, the Mortgagee offers no proof of the value of the Real Property. Furthermore, even if the Real Property were underwater, the Debtor's Plan is still confirmable, even when the Mortgagee's claim is allowed in full for voting purposes only.

24. The Plan is confirmable. The Plan sets out a detailed and reasonable set of distributions to the creditors which are justified in law. "The purpose of [§ 1112(b) of the Bankruptcy Code] is to prevent the debtor-in-possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation." *The AdBrite Corp.*, 290 B.R. at 215 (internal citations omitted); *see also Loop Corp. v. U.S. Trustee*, 379 F.3d 511, 516 (8th Cir. 2004) (section 1112(b)(4)(A) is designed to prevent debtors "from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation"). Here, however, the Debtor is not gambling on the enterprise at the creditors' expense, but is, rather, requesting the ability to keep the case open *so that there is a possibility of recovery for the creditors.* In fact, the Debtor has realized no benefit from keeping the case open as it is paying the expenses to maintain the Real Property out of pocket.

25. The Debtor's alleged prolonging the filing of a Plan as a way to "maximize" the Mortgagee's costs; such an allegation requires more than a simple statement, the Mortgagee has shown nothing to prove the validity of this claim. As described above, the Debtor's actions have been the result of careful thought and negotiation to satisfy the Mortgagee's unrealistic demands while at the same time moving toward a plan reasonable to the Debtor.

*The Rental Income is Property of the Estate*

26. In short, the Mortgagee's claim that rental income is not property of the estate and cannot be used for confirmation is wrong. New York Law deems rent assignments as only collateral and the Debtor continues to hold a property interest in future rents. *In re: Constable Plaza Associates L.P.*, 125 B.R. 98 (Bkrtcy S.D.N.Y. 1991). The Debtor respectfully refers the Court to its reply to the Mortgagee's objection to use of cash collateral [Dkt. No. 37] for a more fulsome explanation of its objection to the Mortgagee's argument.

(Remainder of Page Intentionally Blank)

## CONCLUSION

27.     Cause to dismiss has not been established within the provisions of § 1112 of the Bankruptcy Code. This Court should permit the reorganization process to continue.

**WHEREFORE**, it is respectfully requested that this Court deny the relief sought in the Motion and grant such other and further relief as is proper.

Dated: New York, New York
       March 29, 2011

                                             84 George LLC
                                             *By and through its undersigned counsel,*

                                             */s/ Leo Fox*
                                             Leo Fox, Esq.
                                             Stephanie Park, Esq.
                                             630 Third Avenue, 18th Floor
                                             New York, New York 10017
                                             Tel: (212) 867-9595
                                             Fax: (212) 949-1857

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

    84 GEORGE, LLC,

                    Debtor.
----------------------------------------------------------x

Chapter 11

Case No.: 10-44253 (ESS)

**AFFIRMATION OF SERVICE**

Stephanie S. Park, Esq., affirms under penalty of perjury as follows: I am not a party to this action, am over 18 years of age and reside in New York, New York.

On March 29, 2011, I served the within

> ***Objection to Motion of U.S. Bank, N.A., as Trustee to Dismiss the Chapter 11 Case***

by mailing a copy, via first class mail, to each of the following persons at the last known address set forth after each name below:

Marylou Martin, Esq.
Diana G. Adams, Esq.
United States Trustee
271 Cadman Plaza East, Suite 4529
Brooklyn, New York 11201-1833


Joseph Lubartazzi, Jr., Esq.

Peter Knob, Esq.
McCarter & English, LLP
245 Park Avenue, 27th Floor
New York, New York 10167-2801

                                                     */s/ Stephanie Park*
                                                     Stephanie Park